**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

JERRY GLENN JOSHUA, # 319794,

              Petitioner,

v.                                           ACTION NO.
                                           2:06cv79

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

              Respondent.

**UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

      This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254.  The

matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions

of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for

the Eastern District of Virginia. The Court recommends denying the petition for writ of habeas

corpus.

**I. STATEMENT OF THE CASE**

**A. Background**

      Jerry Glenn Joshua was convicted in the Circuit Court of the City of Virginia Beach of

burglary on March 19, 2002, resulting in a sentence of eight and one-half years imprisonment.  On

June 11, 2002,  Joshua pled guilty to petit larceny third or subsequent offense, for which he received

an additional four years imprisonment.[1]

Joshua's direct appeal of his convictions to the Virginia Court of Appeals was denied on December 12, 2003. The Virginia Supreme Court refused Joshua's petition for appeal on July 13, 2004. Joshua then filed a habeas petition in the Virginia Supreme Court, which was refused on January 12, 2006.

Joshua, presently in the custody of the Virginia Department of Corrections at the Deerfield Correctional Center in Craigsville, Virginia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 13, 2007. On September 5, 2006, the respondent filed a Rule 5 Answer and Motion to Dismiss. Joshua filed a response to the Motion to Dismiss on October 19, 2006.

The evidence presented at the trial for Joshua's burglary conviction, as summarized by the Court of Appeals of Virginia in its December 12, 2003, order denying Joshua's direct appeal, showed the following:

> [O]n April 4, 2001 Henry Marcum left his apartment at 7:45 a.m. and returned at approximately 9:15 a.m. Marcum discovered that the front door inside chain lock was in place, and he called to his roommate. Since there was no response from his roommate, Marcum walked to the rear of his apartment and saw a man leaving the area on a bicycle. Marcum later identified [Joshua] as the man he saw on the bicycle. Marcum noticed that [Joshua] was carrying 'something.' Marcum saw a cinderblock underneath his bedroom window and saw the window screen on the ground. Marcum went inside and checked to be sure that cash was not missing. Marcum then ran to his car and followed [Joshua]. Marcum testified that at a point during the chase he was two to three feet from the person on the bicycle and was able to 'get a good look at him.' Marcum yelled at [Joshua] to stop, but [Joshua] dropped his bicycle and ran. Marcum saw [Joshua] throw a pendant over his shoulder, and it landed in the mud. Marcum

---

[1]Joshua was sentenced for both convictions in a hearing conducted on April 7, 2003.

> described the pendant as a Veteran's Administration pin that he kept in a coffee can along with some loose change.  Later, Marcum noticed the coffee can was missing from his dresser.  Six days after the incident a detective showed Marcum a photo array  and he immediately identified [Joshua].  Marcum stated to the detective, 'That's him without a doubt.  One hundred percent.'
>
> Officer Carila and a tracking dog arrived at the scene where [Joshua] dropped his bicycle.  Carila testified the dog tracked through a muddy field, over a shallow ditch, into a grassy area behind an apartment complex and between two apartment buildings.  Carila testified the track appeared to stop directly in front of an apartment located at 725 12th Street, which was two to three hundred yards from where [Joshua] dropped the bicycle.  Carila found a jacket, which matched Marcum's description of the one the suspect wore, near the entrance of the apartment.  Approximately one hour later Detective Plude found the coffee can behind the bushes in the apartment adjacent to 725 12th Street.

Joshua v. Virginia, No. 1212-03-1 (Va. Ct. App. Dec. 12, 2003)(order denying appeal).

Additionally, Detective Plude discovered a check stub from Womack, Incorporated made out to Joshua in the pocket of the jacket he found. (Trial Tr. 174.)[2]  To explain the proximity of the jacket containing his check stub to the bicycle that was dropped, Joshua stated that he had left his stuff in the woods, so anyone could have it. (Trial Tr. 179.)

With respect to his conviction for petit larceny third or subsequent offense, the following evidence was introduced at Joshua's guilty plea hearing.  Jessica Grafflin, who was visiting a friend in Virginia Beach, had left her garment bag in a car.  In the early morning of January 11, 2002, she discovered that the bag had been stolen from the car.  Grafflin and her friend went to the police station to report the incident, and, while returning to her friend's home, saw Joshua on a bicycle, carrying her garment bag.  Officer Nowaldy stopped Joshua to ask him about the garment bag.

---

[2]"Trial Tr." refers to the transcript from the jury trial before the Honorable Robert B. Cromwell, Jr., on March 19, 2002.

Joshua claimed he had picked it up at the airport for a friend, but could not name the friend.  The bag

had an identification tag with Grafflin's name on it. (Guilty Plea Tr. 9-10.)[3]

## B. Grounds Alleged

Joshua asserts the following entitle him to relief under 28 U.S.C. § 2254:

(a)     he was denied the effective assistance of counsel due to his counsel's failure to argue that his Fifth, Sixth, and Fourteenth Amendment rights to due process were violated when the Circuit Court convicted him of burglary in violation of his speedy trial rights under Virginia Code § 19.2-169.1;

(b)     he was denied his right to due process under the Fifth, Sixth, and Fourteenth Amendments when the Circuit Court qualified Officer Carila as a dog-tracking expert and allowed the admission of dog-tracking evidence at trial;

(c)     he was denied the effective assistance of counsel due to his counsel's failure to object to the prosecutor's statement during closing argument vouching for the credibility of a government witness;

(d)     he was denied his right to due process when the Commonwealth failed to disclose exculpatory impeachment evidence concerning an interview between the police and witness David Freer;

(e)     he was denied his right to due process when the Commonwealth failed to disclose exculpatory evidence that Marie Baccous spoke with police about the location of the coffee can that belonged to the victim;

(f)     he was denied his right to confrontation when the Commonwealth relied on Ms. Baccous's statement to the police concerning the location of the coffee can without calling her as a witness;

(g)     he was denied his right to due process because there was

---

[3]"Guilty Plea Tr." refers to the transcript for the guilty plea hearing before the Honorable Frederick B. Lowe on June 11, 2002.

insufficient evidence to support his burglary conviction;

(h)     he was sentenced in violation of double jeopardy, because the Circuit Court sentenced him under Virginia Code §§ 18.2-95 and 18.2-104 without jurisdiction to do so;

(i)     he was denied his right to due process when the Commonwealth failed to disclose exculpatory evidence of the identity of two eye-witnesses;

(j)     he was denied the effective assistance of counsel when Sarah Mansberger, Esq., withdrew as counsel, without Joshua's consent, before perfecting his appeal;

(k)     he was denied his right to due process when the Commonwealth failed to disclose exculpatory evidence of the name of a witness who called the police regarding his case;

(l)     he was denied his right to due process when the Commonwealth failed to disclose exculpatory evidence that two witnesses told the victim they had seen the suspect;

(m)     he was denied the effective assistance of counsel due to his counsel's failure to raise a <u>Batson</u> challenge during jury selection; additionally, he was denied the opportunity to make a prima facie showing of racial discrimination in the jury selection process;

(n)     he was denied his right to due process when the Commonwealth failed to disclose exculpatory evidence showing that Sergeant Plude planted evidence at the scene of the burglary that would tend to incriminate Joshua;

(o)     he was denied his right to due process when the trial court allowed his "custody" to be transferred to federal court for trial following his convictions in state court, but prior to state sentencing; and,

(p)     he was denied the effective assistance of counsel due to counsel's failure to raise a due process violation claim based on his transfer from state to federal authorities prior to sentencing on the state convictions.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Exhaustion

In order for this Court to address the merits of this habeas petition, all of Joshua's claims must be exhausted.  See 28 U.S.C. § 2254(b) (2000).  The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D.Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993).  Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings.  See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also  Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997).

Grounds (n), (o), and (p) were not raised before the Virginia Supreme Court.  Because the exhaustion requirement "refers only to remedies still available at the time of the federal petition," Engle v. Isaac, 456 U.S. 107, 125 n.28 (1982), Joshua can satisfy the requirement "if it is clear that [Joshua's] claims are now procedurally barred under [Virginia] law," Castille v. Peoples, 489 U.S. 346, 351 (1989).  See also Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997).

Virginia does bar Joshua from raising these claims on state habeas corpus now because  he did not raise them on direct appeal; therefore, he procedurally defaulted on the claims.  See Va. Sup. Ct. R. 5:17(c) (Michie 2004); Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974).  Therefore, Joshua has met the exhaustion requirement for the claims.

However, even if his claims meet the exhaustion requirement, under Wainwright v. Sykes, 433 U.S. 72, 87-91 (1977), Joshua cannot raise in a federal habeas corpus proceeding any claim he did not first present to the Virginia Supreme Court unless he can show cause for failing to present

6

the claim and prejudice resulting therefrom.  Nowhere in his federal petition has Joshua shown the

requisite cause and prejudice that this Court must find before considering the merits of the claims.

Therefore, this Court finds that Grounds (n), (o), and (p) are defaulted on federal habeas and will

not address their merits.

## B. State Procedural Rule

        Joshua's Grounds (d), (e), (f), (h), (i), (k), and (l) were raised in his habeas petition to the

Virginia Supreme Court filed on June 20, 2004, but were rejected by that court based upon a state

procedural rule.  The Virginia Supreme Court refused to consider these claims because they were

not raised on direct appeal.  Therefore, the claims were barred by Slayton v. Parrigan, 215 Va. 27,

205 S.E.2d 680 (1974).[4]

        Clearly the Virginia Supreme Court's refusal to hear these claims rested squarely on the state

procedural bar provided in Slayton v. Parrigan.  There was no interweaving of any federal law

within Virginia's refusal to consider Joshua's claims.  The Fourth Circuit has held,

> [a]bsent cause and prejudice or a miscarriage of justice, a federal
> court sitting in habeas may not review a constitutional claim when a
> state court has declined to consider its merits on the basis of an
> adequate and independent state procedural rule . . . We have held on
> numerous occasions that the procedural default rule set forth in
> Slayton constitutes an adequate and independent state law ground for
> decision. We reject [the] argument that the procedural default rule set
> forth in Slayton does not bar consideration of his claims because it is
> not independent of federal law.

Mu'Min v. Pruett, 125 F.3d 192, 196 (4th Cir. 1997) (internal citations omitted).

        There is no cause, prejudice, or miscarriage of justice alleged by Joshua or apparent to this

---

[4]The Virginia Supreme Court upheld the decision of the Circuit Court which  dismissed
the claim based on Slayton v. Parrigan.  Therefore, the decision of the Virginia Supreme Court is
presumed to rest upon the same ground. See Ylst v. Nunnemaker, 501 U.S. 797,  803 (1991).

Court.  Therefore, this Court cannot now review claims which were procedurally defaulted in the

Virginia Supreme Court.  Therefore, this Court recommends denying Joshua's Grounds (d), (e), (f),

(h), (i), (k) and (l).

## C.  Merits

Joshua previously asserted his Grounds (a), (b), (c), (g), (j), and (m) to the Virginia Supreme

Court in his petition for a writ of habeas corpus.  Pursuant to Title 28 of U.S.C. § 2254, a federal

court may not grant relief on any claim that the Virginia Supreme Court adjudicated on the merits[5]

unless the Virginia Supreme Court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> established by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the
> State Court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

The Supreme Court has explained that this statute "plainly sought to ensure a level of

'deference to the determinations of state courts,' provided those determinations did not conflict with

federal law or apply federal law in an unreasonable way."  Williams v. Taylor, 529 U.S. 362 (2000).

Consequently, "state-court judgments must be upheld unless, after the closest examination of the

state-court judgment, a federal court is firmly convinced that a federal constitutional right has been

violated."  Id. at 1511.

---

[5]The Virginia Supreme Court does not have to set forth findings of fact and conclusions
of law in its disposition of a claim for the claim to be "adjudicated on the merits."  Wright v.
Angelone, 151 F.3d 151, 156-57 (4th Cir.1998).

## 1. __Ground (a)__

The Virginia Supreme Court, on January 12, 2006, decided Joshua's petition for writ of habeas corpus on the merits.  The Virginia Supreme Court thoroughly considered and denied Joshua's claim reflected in Ground (a), alleging that he was denied the effective assistance of counsel due to his counsel's failure to argue that his Fifth, Sixth, and Fourteenth Amendment rights to a speedy trial were violated.

The controlling standard for ineffective assistance of counsel claims is found in Strickland v. Washington, 466 U.S. 668 (1984).  In order to recommend granting Joshua's relief on his ineffective assistance of counsel claim, this Court must find that the Virginia Supreme Court's dismissal of Joshua's claims was an unreasonable application of Strickland.  Strickland requires the Virginia Supreme Court to analyze Joshua's claims under a two-prong test: competence and prejudice.  To have granted relief, the Virginia Supreme Court would have to have found that (1) Joshua's lawyer's performance fell below the range of competence demanded of lawyers in criminal cases, Strickland, 466 U.S. at 690 (the "competence prong" of the test); and (2) there is a reasonable probability that but for the deficient performance by counsel the ultimate result would have been different. Strickland, 466 U.S. at 694 (the "prejudice prong" of the test).  Further, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689.

This Court may not grant relief on any claim that was adjudicated on the merits in a state court unless such adjudication is contrary to law or involves an unreasonable determination of facts. 28 U.S.C. § 2254(d) (2000).  The Virginia Supreme Court clearly articulated its application of Strickland v. Washington to the facts in this case, therefore, an independent review of the record is

not necessary.  See Bell v. Jarvis, 236 F.3d 149, 163 (4th Cir. 2000).  There is no indication from the record that the Virginia Supreme Court's adjudication on the merits was contrary to, or involved an unreasonable application of, clearly established federal law nor has it resulted in a decision that was based on an unreasonable determination of the facts.  Therefore, this Court recommends denial of Joshua's Ground (a).

### 2.  Ground(b)

In Ground (b), Joshua asserts that he was denied his right to due process under the Fifth, Sixth, and Fourteenth Amendments  when the Circuit Court qualified Officer Carila as a dog-tracking expert and allowed the admission of the dog-tracking evidence at trial.  He argues that the trial court improperly qualified Officer Carila to testify as an expert about dog-tracking evidence because the officer's training and certification had not occurred recently enough.  Additionally, Joshua contends that the evidence itself was inadmissible, because Officer Carila used the ground disturbance tracking method, which had not been accepted as a proven tracking method.

"[T]he admissibility of evidence is generally a matter of state law which does not properly concern a federal habeas court unless it impugns the fundamental fairness of the trial."  Stockton v. Virginia, 852 F.2d 740, 748 (4th Cir. 1988) (citing Grundler v. North Carolina, 283 F.2d 798, 802 (4th Cir. 1960).  Qualifying Officer Carila, an investigator certified in dog-tracking methods,  to testify as an expert does nothing to impugn the fundamental fairness of the trial.  Similarly, allowing testimony about less-reliable tracking methods does not call into question the fundamental fairness of the proceeding.  Rather, both the relative inexperience of the expert and the questionable methods employed in the investigation affect only the weight of the evidence.  Because allowing the expert testimony regarding the dog-tracking methods did not impugn the fundamental fairness of the trial,

10

the Court will not consider the admissibility of the evidence, a question concerning state, not federal, law.  Therefore, this Court recommends denial of Joshua's Ground (b).

### 3.  **Ground (c)**

Joshua's Ground (c) asserts that he was denied the effective assistance of counsel due to counsel's failure to object to a statement made by the prosecutor during closing argument endorsing the credibility of one of the Commonwealth's witnesses.  The record reflects that the prosecutor remarked on the truthfulness of the witness in rebuttal of Joshua's counsel's argument that the witness was incredible and dishonest. (Trial Tr. 229, 232 - 34, 241, 245.)  The Virginia Supreme Court thoroughly considered the merits of this claim, ultimately concluding that counsel's failure to object did not offend either the competence or prejudice prongs of Strickland.  Additionally, the court clearly articulated its application of Strickland to the facts in this case.  Therefore, an independent review of the record is not necessary.  See Bell, 236 F.3d 149, 163 (4th Cir. 2000). There is no indication from the record that the Virginia Supreme Court's adjudication on the merits was contrary to, or involved an unreasonable application of, clearly established federal law nor has it resulted in a decision that was based on an unreasonable determination of the facts.  Therefore, this Court recommends denial of Joshua's Ground (c).

### 4.  **Ground (g)**

Joshua's Ground (g) alleges that there was insufficient evidence to support his burglary conviction, constituting a denial of his right to due process.  Specifically, he contends that the evidence linking him to the crime is limited to the presence of his jacket containing his check stub near the victim's coffee can filled with money and in the vicinity the victim testified seeing Joshua run.  Joshua argues that this evidence is insufficient because the victim did not have adequate

opportunity to observe the thief.  Additionally, he asserts that the trial court improperly relied on the inference arising from possession of recently stolen goods.  Finally, Joshua again claims that the dog-tracking evidence was inadmissible because the investigator was not qualified.[6]

When considering a sufficiency of the evidence claim, the Court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements . . . beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).  This Court must resolve any conflicts in the evidence in favor of the prosecution.  Id. at 323.

Viewing the evidence in the light most favorable to the prosecution, Joshua's burglary conviction is supported by sufficient evidence.  Evidence was presented at trial showing that when the victim returned to his home, he observed a cinder block under a window, a window screen on the ground, and a man who was carrying something leaving the area by bicycle.  The victim followed the man, who he later identified as Joshua, on the bicycle until he jumped off the bicycle and started to run.  While Joshua was running, the victim witnessed him throw a pendant over his right shoulder.  In addition to the presence of Joshua's jacket containing a check stub with his name on it near the coffee can and in the vicinity the victim witnessed Joshua fleeing, evidence was presented that while being chased, Joshua discarded a pendant belonging to the victim.  Contrary to Joshua's assertion that the victim did not have adequate opportunity to observe the thief, the victim testified that, when he chased Joshua, he was within two or three feet of him and was able to get a good look at him.  The victim also identified Joshua as the man he chased on two occasions.

---

[6]Because this Court has already determined that it will not consider the admissibility of the dog-tracking evidence, Joshua's contention in his instant claim that the evidence was inadmissible will not be considered for the reasons stated in Ground (b).

First, he immediately identified Joshua when presented with a photo array six days after the incident.

Next, the victim identified Joshua while testifying at his trial.  Based on this, and the rest of the

evidence on record, a rational trier of fact could have found the essential elements beyond a

reasonable doubt to convict for burglary.  <u>See</u> <u>Jackson</u>, 443 U.S. at 319.  Therefore, the Court

recommends denial of Joshua's Ground (g).

## 5. <u>Ground (j)</u>

In Ground (j), Joshua asserts that he was denied the effective assistance of counsel due to

his

counsel's withdrawing, without his consent, before perfecting his appeal.  Joshua was represented

by Sarah Mansberger, Esq., at his burglary trial.  Aleasa Leonard, Esq.,  represented him at his guilty

plea hearing  for his petit larceny third charge.  Ms. Leonard represented Joshua at his sentencing

hearing, at which he was sentenced for both convictions.  Ms. Leonard continued to represent Joshua

throughout his appellate process, during which she appealed both convictions to the Court of

Appeals of Virginia and the Virginia Supreme Court.

Joshua raised the instant claim in his habeas petition to the Virginia Supreme Court, which

found the claim to be without merit because appeals were properly noticed and perfected in the

Court of Appeals and the Virginia Supreme Court.  <u>See</u> <u>Joshua v. Director of the Department of</u>

<u>Corrections</u>, No. 051273 (Va. Jan. 12, 2006) (denying petition for habeas corpus).  Because Joshua's

convictions were appealed to the Court of Appeals and the Virginia Supreme Court, and because he

has not shown any prejudice resulting from Ms. Mansberger's not participating in the appeal of his

burglary conviction, the Virginia Supreme Court's application of <u>Strickland</u> was not contrary to, or

involve an unreasonable application of, clearly established federal law nor has it resulted in a

decision that was based on an unreasonable determination of the facts.  See 28 U.S.C. § 2254(d)(1)-(2).

## 6. Ground (m)

In Joshua's final ground, he asserts that he was denied the effective assistance of counsel due to his counsel's failure to raise a Batson challenge during jury selection.  Further, he claims that he was denied the opportunity to make a prima facie showing of racial discrimination in the jury selection process.[7]

The Virginia Supreme Court considered the merits of this claim in its January 12, 2006, order dismissing Joshua's habeas petition.  Because the Virginia Supreme Court clearly articulated its application of Strickland to the facts of this claim, an independent review of the record is not necessary.  See Bell, 236 F.3d at 163.  There is no indication from the record that the Virginia Supreme Court's adjudication on the merits was contrary to, or involved an unreasonable application of, clearly established federal law nor has it resulted in a decision that was based on an unreasonable determination of the facts.  Therefore, this Court recommends denial of Joshua's Ground (m).

## III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Joshua's petition for writ of habeas corpus be DENIED and the respondent's motion to dismiss be GRANTED.

Joshua's Grounds (n), (o) and (p) should be DENIED because they were never raised to the Virginia state courts and Joshua has shown no cause for failing to present the claims and no

---

[7]The respondent asserts that Joshua's claim that he was denied the opportunity to make a prima facie case of racial discrimination during jury selection was not presented to the Virginia Supreme Court and, therefore, is procedurally defaulted.  Joshua did, however, raise the claim Virginia Supreme Court.  See Jackson, no. 051273 at 6.

prejudice resulting therefrom, which this Court must find before considering the merits of the claim.

Joshua's Grounds (d), (e), (f), (h), (i), (k), and (l) should be DENIED because they were procedurally barred from review in the state courts and thus, may not now be considered in this federal Court.

Joshua's Grounds (a), (b), (c), (g), (j) and (m) should be DENIED because they were previously adjudicated by the Virginia Supreme Court on the merits and none of the statutory exceptions that would allow this Court to review the claim on the merits applies.

Joshua has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV.  REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

15

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this court based upon such findings and recommendations.  Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

_____/s/_____
Tommy E. Miller
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

April 17, 2007

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Jerry Glenn Joshua, # 319794
Deerfield Correctional Center
21360 Deerfield Drive
Capron, VA 23829


Virginia B. Theisen, Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA 23219

Fernando Galindo, Acting Clerk


By _____
        Deputy Clerk

April      , 2007

17